CLARENCE LOWN, Individually and as Executor, etc., of JANE M. LOWN, Deceased, Composing the Firm of LOWN & SON, Respondent, *v.* THE DEPARTMENT OF LABOR OF THE STATE OF NEW YORK and Another, Appellants.

Second Department, April 30, 1926.

Health — action to have declared invalid and unreasonable certain orders of State Industrial Board directing plaintiff to install dust exhaust system in cooperage mill — action is authorized by Labor Law of 1921, § 111 — conditions did not authorize issuance of orders.

An action by the owner of a cooperage mill to have certain orders issued by the State Industrial Board directing the owner to install a dust exhaust system declared to be invalid and unreasonable, is properly maintainable under the authority of section 111 of the Labor Law of 1921.

The evidence clearly establishes, and the justice who tried the case properly found from the evidence and also from his own personal inspection of the cooperage mill, that the machines in operation therein create no dust or deleterious substance in amount sufficient to impair the health of the operatives or in any way to affect their comfort or well-being, and, therefore, the judgment in favor of the plaintiff must be affirmed.

APPEAL by the defendants, The Department of Labor of the State of New York and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 14th day of July, 1925, upon the decision of the court rendered after a trial at the Dutchess Special Term, decreeing that certain orders made by the Department of Labor, directing alterations and addition of an exhaust system in plaintiff's factory, are invalid and unreasonable and that said orders should be set aside.

*Reba T. Swain, Deputy Attorney-General [Albert Ottinger, Attorney-General, and Alexander A. Tausky, Deputy Attorney-General,* with her on the brief], for the appellants.

*Frank B. Lown,* for the respondent.

KELLY, P. J. We have no quarrel with the decisions cited by the learned Deputy Attorney-General, but the Legislature has expressly provided for a review by the Supreme Court of the validity and reasonableness of the rules and orders made by the defendant board in an action brought against the Department by any person in interest. (Labor Law of 1921, art. 3, § 111.) This is such an action. The case presented is unique in many respects. The plaintiff and his father before him have carried on the cooperage business in their small mill in Poughkeepsie for more than half a century. The

evidence shows that it is the only mill of its kind in the State, a considerable part of the work being done by hand. The plaintiff, seventy-four years of age, testified to the sanitary conditions in the mill and the absence of the dust complained of by the inspectors of the Department. He produced his employees, most of whom are men of advanced years like himself, many of them working in the mill for periods ranging from thirty to sixty years, all of them hale and hearty and testifying that the dust referred to by the inspectors of the Department was infinitesimal in quantity. Two physicians practicing in Poughkeepsie testified to familiarity with the conditions in the mill and examinations made by them, and they certified to the absence of dust or unhealthy conditions. As against this the Department produced its inspectors, who swore to the presence of sawdust in the air in the factory. But at the conclusion of the evidence the trial counsel for both parties stipulated that the learned trial justice, a life-long resident of the city of Poughkeepsie, necessarily familiar with the surroundings and conditions prevailing, should visit the plaintiff's mill, unannounced and unattended, at a time selected by himself, and ascertain by his own inspection at first hand whether the requirement that an exhaust system should be installed was reasonable or necessary. The justice visited the mill and he finds as matter of fact that the " machines in operation create no dust or deleterious substance in amount sufficient to impair the health of the operatives    *    *    * or in any way to affect their comfort or well-being." The evidence appearing in the record, especially when it is amplified by the view of the premises taken by the trial judge and the findings made, requires the affirmance of the judgment appealed from. (*Garvey* v. *Long Island R. R. Co.*, 159 N. Y. 323.) It is not a question of the power of the Industrial Board to make rules and regulations involving expenditure of money, or the acquiescence of employees in unsanitary conditions. The judgment is based upon the finding of fact that there are no conditions in the mill justifying the order made.

The judgment should be affirmed, with costs.

Present — Kelly, P. J., Rich, Manning, Young and Lazansky, JJ.

Judgment unanimously affirmed, with costs.